IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY GLEN DAVIS,

                                  Plaintiff,

    v.

STATE OF WISCONSIN,

                                  Defendant.

ORDER

10-cv-34-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On February 12, 2010, I denied plaintiff Ricky Glen Davis's request to proceed in forma pauperis and dismissed his complaint for failure to state a claim upon which relief may be granted.  Dkt. #4.  On February 26, 2010, plaintiff filed a document entitled, "This is not an appeal ~ this is a : motion & affidavit to move, order, to command you to comply or fact the "consaquinces [sic] of & with the : United States Supreme Court!"  Dkt. #6.  Within the body of the motion, plaintiff contends that "with the power of this motion & affidavit you are ordered & "commanded" to comply & reverse your decision & award me $5000,000.00 . . . if this court & judges do not comply promptly to the conditions of this

---

[1] For the purpose of issuing this order I am assuming jurisdiction over the case.

1

: motion, affidavit, & command! [sic] then your-selves [sic] & many others will face the : "consaquinces" [sic]." Id. at 3.  Even viewing plaintiff's motion as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), I must deny it.

Under Fed. R. Civ. P. 59(e), a party may request that a court alter or amend its judgment in a motion filed within 28 days of the entry of judgment.  The purpose of a Rule 59 motion is to bring the court's attention newly discovered evidence or a manifest error of law or fact.  E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).  It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time.  Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006).  In order to obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief.  Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

Plaintiff has failed to clearly establish his grounds for relief.  I understand plaintiff to contend that there is some conspiracy in Wisconsin to protect judges from being punished for judicial misconduct.  This contention does not change the fact that plaintiff's claim against the state of Wisconsin is barred by the Eleventh Amendment or affect the applicability of the doctrine of absolute judicial immunity to administrative law judges. E.g., Smith v. Gomez, 550 F.3d 613, 619 (7th Cir. 2008) ("[T]he absolute immunity enjoyed by

2

judges for judicial actions taken in accordance with their jurisdictional authority, extends to other officials including ALJs, when they perform functions that are closely associated with the judicial process." (Internal quotation omitted)). Plaintiff should keep in mind that "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review" and not by bringing a separate lawsuit against the judge. Forrester v. White, 484 U.S. 219, 227 (1988). Accordingly, plaintiff's motion will be denied.

If plaintiff still wishes to challenge the order dismissing his complaint, his recourse is to appeal the decision to the Court of Appeals for the Seventh Circuit. If he intends to take this route, however, he should be aware that the time for filing an appeal runs for all parties from the date of entry of an order disposing of his timely filed Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv). Therefore, if plaintiff intends to file an appeal in this case, according to Fed. R. App. P. 4(a)(1)(A), he has 30 days from the date of entry of this order in which to do so.

ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgment, dkt. #6, is DENIED.

Entered this 6th day of April, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge